```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION
```

LISHA JONES, ROSLYN HEDRICK,
DOROTHY E. BARNES, DOROTHY COLEMAN,
IDA MAE DAMPEER BANKS, AND
WILMA DEVINE                                            PLAINTIFFS

VERSUS                            CIVIL ACTION NO. 5:03cv302-DCB-JCS

LIFE OF THE SOUTH INSURANCE CORP.,
ITT LYNDON PROPERTY INSURANCE CORP.,
LYNDON PROPERTY INSURANCE CORP.,
AND JOHN DOES 1-5                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the defendants' Motion for Summary Judgment [**docket entry no. 61**]. Having reviewed the Motion, briefs, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds as follows:

### FACTS AND PROCEDURAL HISTORY

The plaintiffs in this case are all unrelated persons who secured loans from Southern Credit Corporation (hereinafter "Southern") through its office in Port Gibson, Mississippi. In conjunction with obtaining the loans, the plaintiffs allegedly were wrongfully sold and induced to purchase various credit insurance products. The core of the plaintiffs' claims rests on the fact that Southern did not disclose that it was receiving a commission from the sale of the defendants' insurance products in connection with the loan arrangements made with the plaintiffs.

On December 30, 2002, the plaintiffs, all Mississippi residents, filed suit against Southern, a Mississippi corporation, in the Circuit Court of Claiborne County, Mississippi.  In addition to Southern, the plaintiffs sued four non-resident insurance companies that allegedly issued the contentious policies, and they sued one resident individual, Pamela T. Chambliss, a Southern employee.  Each plaintiff claims to have dealt with Ms. Chambliss in securing their loans and challenged insurance products.

The plaintiffs make claims for breach of fiduciary duty, fraudulent misrepresentation or omission, negligent misrepresentation or omission, civil conspiracy, negligence, fraudulent concealment, failure to monitor and train agents and seek injunctive relief.[1]

The defendants timely removed the case to this Court on the basis of diversity jurisdiction, contending in their Notice of Removal that the two resident defendants, Southern and Chambliss, had been fraudulently joined to defeat diversity jurisdiction.  The plaintiffs moved to remand this suit to state court, arguing that they had indeed stated viable claims against the local defendants.  On March 31, 2004, the Court issued a memorandum opinion and order finding that both in-state defendants had been fraudulently joined

---

[1] The complaint also alleges a violation of the Mississippi Unfair or Deceptive Acts and Practices Act, Miss. Code Ann. § 97-23-3; however, the plaintiffs have since voluntarily withdrawn those claims.

and denying the plaintiffs' motion to remand.

The remaining out-of-state insurance companies that issued the complained-of policies filed the instant Motion for Summary Judgment on October 18, 2005.  The defendants assert a number of theories of defense in their Motion, including: (1) that the insurance companies had no duty to disclose to the plaintiffs the commissions paid to the lending companies; (2) that the insurance companies had no fiduciary duty to the plaintiffs; (3) that the plaintiffs have failed, as a matter of law, to make out their claims; (4) that all of the plaintiffs' claims are barred by the applicable statute of limitations; and (5) that the plaintiffs' claims are barred by the <u>Gay</u> waiver doctrine.  This Court need look only at the statute of limitations defense, however, as case law makes it clear that all of the plaintiffs' claims against these defendants are time-barred.

## DISCUSSION

**Statute of Limitations**

It is undisputed that the three-year statute of limitations set forth in Miss. Code Ann. § 15-1-49 is applicable as to all claims in this case.  <u>See</u> Pl. Response to Def. Motion for Summ. Judgment, at 12.  Section 15-1-49 states, in pertinent part:

> (1) All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.

Normally, in cases such as this one in which the plaintiff claims

a fraud-related injury in regard to an insurance contract, the statute of limitations "begins to accrue upon the purchase of [the] insurance policy." Robinson v. Southern Farm Bureau Cas. Co., --- So. 2d ----, 2005 WL 3160310, at *2 (Miss. Ct. App. 2005) (citation omitted).

The defendants contend, and the plaintiffs do not dispute, that the "most recent loan upon which Plaintiffs base their claims in any way involving [the defendants] is dated September 15, 1999. The defendants argue that because the instant action was filed on December 28, 2002, all of the plaintiffs' claims are time-barred by the aforementioned statute. See Def. Memo. in Support of Motion for Summ. Judgment, at 18-19. The plaintiffs, however, claim that the statute of limitations in this case should be tolled by Mississippi's fraudulent concealment statute. Miss. Code Ann. § 15-1-67 provides:

> If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.

In order to take advantage of this statutory tolling, however, the plaintiffs "must first show that the defendant performed some affirmative act to conceal the cause of action." Robinson, 2005 WL 3160310, at *2. Even if affirmative concealment is shown, then the plaintiffs must still demonstrate that "though [they] acted with

-4-

due diligence in attempting to discover [the claim, they were] unable to do so." Robinson v. Cobb, 763 So. 2d 833, 887.

The plaintiffs submit that the defendants concealed the fact that commissions were being paid to the lenders for the sale of credit insurance. They contend that because the commission arrangement was not disclosed in the loan documents signed and received by the borrowers, there was "no way [for them] to determine and/or otherwise know about the [defendant's] breach of their duty to disclose the commission contracts . . . ."[2] Pl. Response to Def. Motion for Summ. Judgment, at 13.

In Andrus v. Ellis, 887 So. 2d 175 (Miss. 2004), the Mississippi Supreme Court addressed a similar factual scenario. The basis for the Andrus suit was essentially the same as in the instant suit: the plaintiffs claimed "that the Defendants fraudulently and negligently induced them to purchase various types of credit insurance policies in connection with their loans." Id. at 176. Specifically, one of the claims asserted by the plaintiffs

---

[2] The plaintiffs do not explain why they could not have brought suit regarding their other, non-commission related, claims within the statutory period. For instance, the plaintiffs assert that the defendants purposely set the terms of their loans "in twelve month increments plus one month so the Plaintiffs would be charged a higher premium . . . ." The loan documents provided to the plaintiffs disclosed all of the necessary information for the claimants to have discovered any potential claims on this issue through due diligence. "In Mississippi, a person is charged with knowing the contents of any document that he executes." Russell v. Performance Toyota, Inc., 826 So. 2d 719, 725 (Miss. 2002). Therefore, there is no reason that the filing period should be tolled in regard to such a claim.

was that "the Defendants failed to disclose that they received a commission from the sale of credit insurance." Id. at 179. The Mississippi Supreme Court concluded that the defendants had not engaged in any "subsequent affirmative acts of concealment" simply by remaining silent as to the commission fee arrangement:

> As to the alleged failure to disclose commissions, the Court finds this argument without merit. In the course of a private transaction where the seller encourages a buyer to purchase additional products, one would assume that the seller is motivated by some sort of incentive such as, in this instance, a commission. There is no testimony that the Defendants concealed or denied that they were receiving commissions nor is there any testimony regarding whether the Plaintiffs specifically inquired as to such. Likewise, there is no allegation in fact or duty under law to support the argument that the Defendants were obligated to do so. We presume that parties enter into private transactions for their own personal benefit.

Id. at 181–82.[3]

In a case directly on point with the facts of the instant one, the Fifth Circuit Court of Appeals ruled that, under Mississippi law, the fraudulent concealment statute requires that the plaintiff show affirmative acts of concealment after the time of the alleged

---

[3] Moreover, because the plaintiffs in this case had an obligation to investigate in this situation, they cannot complain that they had "no way to determine and/or otherwise know" about the commission arrangement before the statute of limitations had run. See Sanderson Farms v. Ballard, --- So. 2d ----, 2005 WL 2458713, at *7 (Miss. 2005) ("Merely alleging that the other side has complete control of the data simply will not suffice [to establish concealment]").

fraud.  See Liddell v. First Family Fin. Servs., Inc., 146 Fed. Appx. 748 (5th Cir. 2005).  The court in Liddell explained:

> The plaintiffs argue that because the fraud here is of a "self-concealing" nature, they need only show evidence of the fraud itself to establish the first element of fraudulent concealment. Therefore, plaintiffs' assertions of affirmative acts at the time of the sale would be sufficient to establish this first required element. Plaintiffs' reliance on Texas precedent is at best only persuasive, however, and not binding on our explication of Mississippi law. . . .
>
> We reject plaintiffs' invitation to apply Texas law, because in Ross v. Citifinancial, Inc., 344 F.3d 458, 464 (5th Cir.2003), we held that Mississippi law is in fact well settled with respect to this issue, stating that "Mississippi law is unambiguous: Plaintiffs must prove a subsequent affirmative act of fraudulent concealment to toll the limitations."
>
> In Ross, we faced a case similar to that presented here. Plaintiffs alleged fraudulent misrepresentations and omissions in the sale of supplemental credit insurance products during plaintiffs' loan application processes. Applying Mississippi law, we held that "[p]ursuant to § 15-1-67, [p]laintiffs were required to prove an affirmative act of fraudulent concealment post-completion of the insurance sales in order to toll the statute of limitations."

Id. at 750-51 (footnotes omitted).

Thus, the plaintiffs are incorrect when they claim that an "affirmative act" of concealment under the meaning of Miss. Code Ann. § 15-1-67 can be shown merely by the non-disclosure of a commission arrangement at the time that the insurance product was

sold. Instead, the plaintiffs must show that the defendants actively concealed that arrangement subsequent to the fraudulent act which serves as the basis for their claims. The plaintiffs have not alleged that any such post-sale act occurred in this case.

Therefore, the Court can see no reason to distinguish this case from <u>Andrus</u> or <u>Liddell</u> inasmuch as there has been no showing that the defendants engaged in any "subsequent affirmative acts of concealment." Consequently, the plaintiffs cannot demonstrate that they are entitled to tolling under Miss. Code Ann. § 15-1-67. Without the tolling benefit of the fraudulent concealment statute, all of the plaintiffs' claims are time-barred.

## CONCLUSION

Based on the reasoning and authority set forth above, the Court finds that the defendants' Motion for Summary Judgment is well-taken on the basis that all of the plaintiffs' claims are time-barred under Miss. Code Ann. § 15-1-49.

IT IS HEREBY ORDERED that the defendants' Motion for Summary Judgment [**docket entry no. 61**] is **GRANTED**;

A separate final judgment dismissing this action with prejudice shall be entered in accordance with Fed. R. Civ. P. 58.

SO ORDERED, this the 4th day of January, 2006.

```
                                    S/DAVID BRAMLETTE
                                    UNITED STATES DISTRICT JUDGE
```